IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOMINO'S PIZZA, LLC, successor in )
interest to Domino's Pizza, Inc., )
 )
                Plaintiff, ) CIVIL ACTION NO. 3:05-456
 )
v. )
 ) JUDGE KIM R. GIBSON
ROBERT J. DEAK, )
 )
               Defendant. )

## **MEMORANDUM OPINION**

**Gibson, J.,**

      Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. No. 19, together with the briefs submitted by the parties *pro* and *ante*. Because the Court writes solely for the benefit of the parties, and because the facts of this case are fully set forth in the Court's earlier opinion dismissing Defendant's original counterclaim, Doc. No. 17, the Court will not restate the facts and procedural history of the case here.

      Less than two months after this Court dismissed Defendant's original counterclaim, the Supreme Court announced a new decisional standard for motions made pursuant to Fed. R. Civ. P. 12(b)(6). *See Bell Altlantic Corp. v. Twombly*, — U.S. — , 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). On February 5, 2008, the Third Circuit issued an opinion that contains an extended analysis of the *Twombly* standard. *See Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). Accordingly, a discussion of the applicable standard when deciding a 12(b)(6) motion as stated in those two cases is appropriate here.

      Certain aspects of the traditional analysis remain intact. The court still must "accept as true all allegations in the [counterclaim] and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 943 (3d Cir. 1984). The Court need not credit bald assertions or legal conclusions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (citation omitted). In addition to the allegations contained in the pleadings, the Court may also review "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n. 2 (3d Cir. 1994) (citation omitted). Furthermore, in deciding a rule 12(b)(6) motion, the Court may review "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Steinhasdt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997).

In *Twombly*, 127 S.Ct. at 1968-69, 167 L.Ed.2d at 944-45, the distinction came when the Supreme Court criticized the oft-quoted "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had served as the standard for dismissing a claim under Rule 12(b)(6) for fifty years. The crux of the censure of the *Conley* standard is that it is overly inclusive and unworkable. As noted in *Phillips*, "[t]he *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts." *Phillips*, 515 F.3d at 232. The Supreme Court further stated, "On such a focused and literal reading of *Conley*'s 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968, 167 L.Ed.2d at 944 (alteration in original). The Third Circuit also noted, parenthetically, that "literal compliance" with *Conley* "could consist simply of giving the names of the plaintiff and the defendant, and asking for judgment." *Phillips*, 515 F.3d at 233 (citing

2

Geoffrey C. Hazard, *From Whom No Secrets Are Hid*, 76 Tex. L. Rev. 1665, 1685 (1998).

This is not to say, as the Supreme Court was careful to point out, that there is now a heightened pleading standard or a probability requirement. *Id.* (citing *Twombly*, 127 S.Ct. at 1964, 1965, 1973 n. 14, 1974). It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* (citations omitted).

There is, however, another hurdle erected by *Twombly* that a party aspiring to defeat a 12(b)(6) dismissal must overcome. Although the Court stresses that it is not adopting a heightened pleading standard, the Court does seem to introduce "plausibility" as an element to the standard for notice pleading. *Twombly*, 127 S.Ct. at 1974, 167 L.Ed.2d at 949. "The Court explained that a plaintiff must 'nudge [his or her[ claims across the line from conceivable to plausible' in order to survive a motion to dismiss."*Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1974). Furthermore, the Third Circuit has held that *Twombly* is not to be read so narrowly as to limit its holding on plausibility to the antitrust context in which it arose. *Id.* The "plausibility" requirement relates to the "showing" requirement of Rule 8, which requires notice of a claim and its grounds, as distinguished from "a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id.* (quoting *Twombly*, 127 S.Ct. at 1965 n. 3.) Even a well-pleaded complaint alleging facts the proof of which seem improbable can survive a 12(b)(6) attack if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). *Twombly* does not impose a probability requirement at the pleading stage, but it does insist that the pleader make some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation. *Id.* (citing *Twombly,* 127

S.Ct. at 1965).

Much of the Defendant's Amended Counterclaim For Declaratory Judgment (Doc. No. 18) is identical to the defendant's original counterclaim, which this court dismissed by memorandum opinion and order of March 23, 2007 (Doc. No. 17). Although admittedly decided under the pre-*Twombly* standard for 12(b)(6) motions, upon review the Court finds that the outcome would have been the same if it were decided post-*Twombly* and as such it is unnecessary to revisit those claims here. In its earlier opinion the Court found the Area Agreements to be completely integrated and subject to the parol evidence rule. In the concluding paragraph of that opinion, the Court stated, "Deak's ability to state a claim for which the Court could grant relief depends on establishing an exception to [the parol evidence] rule or citing some postcontractual amendment to [the Area] Agreements." Doc. No. 17, p. 13.

The substantive portion of Defendant's Amended Counterclaim for Declaratory Judgment (Doc. No. 18) consists of eight paragraphs numbered sequentially from 47 to 54, although paragraph 53 contains eight subparagraphs. Paragraphs 47 through 50 of the Amended Counterclaim are identical to paragraphs 47 through 50 of Defendant's original counterclaim. *See* Document No. 5 ¶¶ 47-50. As such they have already been dismissed by the Court and will not be addressed in this opinion. Paragraph 54 is a conclusory statement and therefore will properly form no part of the basis of this decision. The operative averments of Defendant's Amended Counterclaim, then, are paragraphs 51, 52 and 53, including subparagraphs (a) through (h) under paragraph 53.

Paragraph 51 is a statement of Defendant's contention that the Area Agreements attached to the Complaint do not constitute the entire agreement between the parties. Paragraph 52 is a statement of Defendant's contention that the true contractual relationship between Plaintiff and Defendant includes

4

a covenant or promise that Defendant would have a right to renew his Area Agreements for as long as he was engaged in the operation of Domino's Pizza Stores.

Standing alone, these conclusory statements could be dismissed without further analysis. Paragraph 53 however, offers factual averments in support of the contentions set forth in the previous paragraphs. Specifically, Paragraph 53 states, "In support of the contentions set forth in Paragraphs 51 and 52, it is averred that the validity or merit of the defendant's contention has been expressly and/or impliedly *admitted* as follows," after which Defendant details in eight subparagraphs different ways in which various representatives of plaintiff or plaintiff's predecessor in interest purportedly acknowledged pre-contract oral representations made to defendant concerning Plaintiff's obligation to renew Defendant's Area Agreements (emphasis in original). The Court therefore concludes that Defendant's Amended Counterclaim rests solely on the shoulders of the admission exception to the parol evidence rule.

> The Supreme Court of Pennsylvania has explained the parol evidence rule as follows:
>
> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.
>
> Therefore, for the parol evidence rule to apply, there must be a writing that represents the "entire contract between the parties" . . . An integration clause which states that a writing is meant to represent the parties' entire agreement is . . . a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations and agreements made prior to its execution.
>
> Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written

5

> negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract.

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2004) (citations omitted).

One of the exceptions to the parol evidence rule recognized in Pennsylvania is the so-called "admission" exception. "(T)he parol evidence rule has never barred the introduction of clear, precise and convincing evidence to show that the party who seeks to enforce the written agreement has admitted and acknowledged that [t]he agreement as written did not express what the parties intended and that what the parties intended was omitted from the written agreement by mistake or accident." *Dunn v. Orloff*, 218 A.2d 314, 316 (Pa. 1966) (quoting *In re Boyd's Estate*, 146 A.2d 816, 820 (Pa. 1959)).

The question is therefore what amounts to "clear, precise, and convincing evidence" sufficient to overcome the operation of the rule excluding parol evidence? In many cases, indeed in most of the cases cited by the parties in their briefs, it has been found to be an admission in sworn testimony or documentary evidence or an admission in pleadings and the like.[1] *See, e.g., Yukas v. Schmidt*, 258 A.2d 616, 621 (Pa. 1969) ("However, we have long recognized an exception to the parol evidence rule which applies to this case: 'Where a party * * * seeking to have a written agreement enforced according to its terms, Admits in his own trial testimony that the agreement in writing did not

---

[1] An early, apparently contradictory case which held that the person seeking to introduce parol evidence "is not required, in his affidavit . . . to set forth the manner in which the facts therein alleged will be proved," *Friend v. Kuhn*, 175 A. 690, 691 (Pa. 1934) (citations omitted), is in fact readily distinguishable. In *Friend*, the writing in question was executed as an accommodation and without consideration. *Id.* at 691; *Corn Exch. Nat'l Bank & Trust Co. v. Burkhart*, 165 A.2d 612, 617 (Pa. 1960). Such was not the case in the contract between the parties in the instant case; their dispute is not about its validity, but only its scope. "[P]arol evidence offered to show there was not an agreement at all" is admissible; "parol evidence offered to vary or modify the terms of a written agreement," as in the case *sub judice*, is not. *Gitt v. Myers*, 417 A.2d 664, 667 (Pa. Super. 1980) (citing *Corn Exch.*, 165 A.2d 612; *Local Union No. 1987 v. Control Prods. Co.*, 330 F.Supp. 250 (1971); *Smilow v. Dickinson*, 54 A.2d 883 (Pa. 1947)).

6

Fully and Completely state the entire agreement between the parties, the parol evidence is admissible to explain and supplement such written agreement." (citations omitted) (asterisks and unconventional capitalization in original)); *Dunn,* 218 A.2d at 316 ("The crux of the controversy is whether, either by way of pleadings or his trial testimony, the appellee Admitted that the note did not constitute the entire agreement between the parties so as to bring the proffered parol testimony within the exception to the parol evidence rule. . ." (capital "A" in original)); *Giant Food Stores, Inc. v. Marketplace Commc'n Corp.*, 717 F.Supp 1071 (M.D.Pa. 1989) (admissions in letters by corporate officers); *Coal Operators Cas. Co. v. Charles T. Eastesby & Co.*, 269 A.2d 671 (Pa. 1970) (admission in letter of the chairman of appellant corporation); *In re Boyd's Estate*, 146 A.2d 816 (Pa. 1959) (admission in sworn answer in prior proceeding to open a judgment); *Yezbak v. Croce*, 88 A.2d 80 (Pa. 1952) (admission in sworn testimony). More to the point for the instant case, testimony by a defendant that "an officer of the plaintiff corporation had, subsequent to the date of the execution of the written contracts, orally" admitted to the defendant that the written agreement was incomplete is "insufficient to prevent the application of the parol evidence rule." *Universal Film Exch., Inc. v. Viking Theatre Corp.*, 161 A.2d 610, 617 (Pa. 1960). As of 1960, "[n]o case in Pennsylvania [had] ever gone so far," *id.*, and Defendant has cited to no subsequent case that has.

It is apparent to the Court from the preceding analysis that the bare assertions in Defendant's counterclaim and the unsworn statement of Sue Pagniano, which has already failed to persuade the Court once, *see* Doc. no. 5-2, Doc. No. 17, do not warrant introduction of parol evidence in the case *sub judice*. To hold otherwise would make the circumvention of the parol evidence rule so simple as to render the rule virtually meaningless. If its operation could be obviated by nothing more than an allegation supported only by an unsworn writing executed more than twenty years after the alleged

7

agreement was made by a former employee of the party seeking to enforce the written contract according to its tenor, the parol evidence rule would become a subject of interest only to legal historians.

Because the Court finds that the parol evidence rule is applicable to the Area Agreements, and because Defendant has failed to establish that he falls within any exception to the rule, Defendant's amended counterclaim must fail. "[W]here there is no evidence of an admission or acknowledgment by the one enforcing the written contract that the oral agreement asserted by the defense had in fact been made or that the promissory note or other instrument in suit as written did not express the entire agreement of the parties at the time as to manner and time of payment parol evidence is not admissible to vary, modify or defeat the written agreement." *Gitt v. Myers*, 417 A.2d 664, 667 (Pa. Super. 1980) (citing *Scott v. Bryn Mawr Arms*, 312 A.2d 592 (Pa. 1973)).

As a final note, one in which the Court sincerely hopes the factual similarities to the present case are not lost on the parties, the Pennsylvania Supreme Court held in *Keleher v. LaSalle College*, 147 A.2d 835 (Pa. 1959) as follows:

> The written contract of June 15, 1952 is clear and free of any ambiguity. It purports to encompass all the terms and conditions of the relationship between appellant and appellee concerning the former's employment as a teacher during the academic year 1952-1953. Appellant now seeks to prove an oral agreement which would clearly alter and vary the terms of this written contract in a most material instance, to wit, the length of appellant's employment. The written contract distinctly and unambiguously sets forth that appellant is employed for the academic year 1952-1953. What appellant wants to prove is that, as the result of an oral contract, he acquired 'academic tenure' by which we understand permanent tenure. That appellant's oral contraact would vary and alter the written contract is clear beyond any peradventure of doubt.
>
> Appellant neither alleges nor does he seek to prove any fraud,

accident or mistake, but simply contends that the parol evidence rule is inapplicable because the written contract did not constitute an integration of the alleged oral contract and that both the oral and the written contract are co-existent. A comparison of the subject-matter of the written contract with that of the alleged oral contract clearly indicates an integration of the latter by the former. To allow appellant to prove an oral contract under these circumstances would violate the parol evidence rule, a rule to which this Court requires rigid adherence. Both the spirit and the letter of the parol evidence rule enunciated in *Gianni v. R. Russell & Co., Inc.*, 381 Pa. 320, 126 A. 791 and a host of subsequent decisions, compel the rejection of evidence as to any alleged oral contract in June 1951 between the parties.

*Id.* at 551-552, 838-839.

For all of the foregoing reasons, plaintiff's motion shall be granted. An appropriate order follows.

## ORDER

**AND NOW**, this 20th day of March, 2008, the Court having considered Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice, (Document No. 19), it is **HEREBY ORDERED**, for the reasons set forth in the foregoing memorandum opinion, that the motion is **GRANTED** in part and **DENIED** in part, and Defendant's Amended Counterclaim for Declaratory Judgment, (Document No. 18), is **DISMISSED** without prejudice.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**